FILED
10 JUL -9 PM 12: 43
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEL AMBRIZ, FLORENCIA AMBRIZ, <br><br> Plaintiffs, <br><br> vs. <br><br> EQUIFIRST CORPORATION, et al., <br><br> Defendants. | CASE NO. 09cv2387 BEN (NLS) <br><br> **ORDER GRANTING MOTION TO DISMISS and REMANDING ACTION** |

Defendant Equifirst Corporation's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is before the Court. For the reasons discussed below, the motion is granted as to the federal claims and the action is remanded to the Superior Court of California, County of San Diego.

On October 26, 2009, this action was removed from state court on the basis of federal question jurisdiction (28 U.S.C. §1441) by Equifirst Corporation. Now, Equifirst Corporation moves to dismiss the action. Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). The plausibility standard means that the complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of. *Id.* at 556. Applying that standard here, the Court finds that Plaintiffs complaint is insufficient in stating a federal claim for relief against Equifirst Corporation.

## I. FEDERAL CLAIMS

Plaintiffs assert two federal claims for relief: (1) violation of the Real Estate Settlement Procedures Act or "RESPA", 12 U.S.C. §2601 *et seq.*, and (2) violation of the Truth in Lending Act or "TILA", 15 U.S.C. §1601 *et seq.*

### A. RESPA

#### 1. Disclosures (12 U.S.C. §2604)

Plaintiffs allege Equifirst Corporation violated RESPA by failing to provide certain disclosures, or providing erroneous disclosures, during the loan origination process. Although Plaintiffs cite Section 2605 as the basis of their claim, RESPA disclosure obligations during the loan origination process are set forth in Section 2604. 12 U.S.C. § 2604. Therefore, for purposes here, the Court analyzes Plaintiffs' claim under Section 2604.

Courts have consistently held there is no private right of action for alleged RESPA disclosure violations during the loan origination process. *See, e.g., Collins v. FMHA-USDA,* 105 F.3d 1366, 1367-68 (11th Cir. 1997) (no private right of action for alleged Section 2604 violations); *Delino v. Platinum Cmty. Bank,* 628 F. Supp. 2d 1226, 1232-33 (S.D. Cal. 2009) (same); *Brittain v. IndyMac Bank, FSB,* No. C-09-2953, 2009 WL 2997394, at *2 (N.D. Cal. September 16, 2009) (same). These courts note that the inclusion of remedies in certain RESPA provisions, but their omission in others such as Section 2604, is strong evidence that Congress did not intend to provide a private remedy for violations of Section 2604. *Id.* The disclosure violations of RESPA that do confer a private right of action do not pertain to disclosures at a loan's origination. *See Lopez v. Wachovia Mortg.,* No. 09-cv-1510, 2009 WL 4505919, *3 (E.D. Cal. November 20, 2009). The Court, therefore, finds Plaintiffs fail to state a federal claim because Plaintiffs does not enjoy a private right of action.

#### 2. Notices of Assignment, Sale, or Transfer of Servicing (12 U.S.C. §2605)

The Court concludes that Plaintiffs fail to state a claim under 12 U.S.C. § 2605 for failure to notify of assignment, sale, or transfer. Plaintiffs allege that Equifirst Corporation was required to give notices of assignment, sale, or transfers of servicing rights of the loan, but fails to allege that any Defendant actually failed to give such notice. Plaintiffs also do not allege when any such

alleged transfer took place, or what entities were involved in such transfer and therefore had the duty to notify. Plaintiffs also do not allege how Equifirst Corporation meets the statutory definition of "servicer" and why it would therefore be subject to the duty to notify of a transfer. As such, the complaint fails to state a plausible claim for relief under §2605. *Delino*, 628 F. Supp. 2d at 1233.

In light of the above, Plaintiffs' RESPA claims for relief are dismissed without prejudice.

**B. TILA**

**1. Damages**

Plaintiffs' second federal claim for relief alleges Equifirst Corporation did not provide an initial good faith estimate or an initial "TIL [sic] statement" in violation of §1640 of TILA. It is well-settled that a TILA action for damages commences from the time of the disclosure violation, *i.e.*, when the loan was issued or consummated, and is barred after one year. 15 U.S.C. § 1640(e); *King v. California*, 784 F.2d 910, 913 (9th Cir. 1986). According to the complaint, the loan occurred in March 2007. Plaintiffs filed this action over two years later in September 2009. Therefore, on its face, Plaintiffs' claim for TILA damages is barred by the statute of limitations.

Additionally, the circumstances of this case as pled do not warrant equitable tolling. Equitable tolling could apply where "the general [limitations] rule would be unjust or frustrate the purpose of [TILA]." *See, e.g., King*, 784 F.2d at 915. "To receive equitable tolling, a [plaintiff] bears the burden of showing '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Here, the factual allegations of Plaintiffs' complaint do not show Plaintiffs exercised due diligence or made any attempt to investigate or discover the basis of claims earlier. As such, the Court finds Plaintiffs' claim for damages under TILA, 15 U.S.C. § 1601 is barred by the statute of limitations.

**2. Rescission**

Plaintiffs also claim entitlement to rescission. The purpose of rescission under TILA is to return both parties to the *status quo*. *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1170-72 (9th Cir. 2003). In *Yamamoto*, the Ninth Circuit held that "in applying TILA, 'a trial judge ha[s] the

1 | discretion to condition rescission on tender by the borrower of the property he had received from
2 | the lender.'" 329 F.3d at 1171. The Ninth Circuit reasoned as follows:

> As rescission under § 1635(b) is an on-going process consisting of a number of steps, there is no reason why a court that may alter the sequence of procedures after deciding that rescission is warranted, may not do so before deciding that rescission is warranted when it finds that, assuming grounds for rescission exist, rescission still could not be enforced because the borrower cannot comply with the borrower's rescission obligations no matter what. Such a decision lies within the court's equitable discretion, taking into consideration all the circumstances including the nature of the violations and the borrower's ability to repay the proceeds. If, as was the case here, it is clear from the evidence that the borrower lacks capacity to pay back what she has received (less interest, finance charges, etc.), the court does not lack discretion to do before trial what it could do after.

*Id.* at 1173. While the Court has discretion to condition rescission on tender, the Court is not persuaded that, at the pleading stage, Plaintiffs must prove ability to tender the unpaid loan proceeds. In *Yamamoto*, the defendant mortgagee moved for summary judgment based on plaintiffs' testimony that "they could not fulfill TILA's tender requirement." *Id.* at 1168. The district court provided plaintiffs an additional 60 days to show that they were able to tender the proceeds upon rescission. When the plaintiffs were unable to do so, the court granted summary judgment in favor of the mortgagee. *Id.* at 1173.

Plaintiffs, however, cannot state a claim for rescission under TILA without at least *alleging* that they are capable of tendering the loan proceeds. *See, e.g., Greetis v. Nat. City Mortg.*, No. 09-cv-1502, 2010 WL 695536, at *4-5 (S.D. Cal. Feb. 24, 2010) ("Plaintiff's failure to allege that she is able to tender monies received from Defendants is fatal to her claim for rescission."); *Quintero Family Trust v. OneWest Bank, F.S.B.*, No. 09-CV-1561, 2010 WL 392312, at * 4 (S.D. Cal. Jan. 27, 2010) (holding that plaintiffs must allege, consistent with Rule 11, their ability to tender the loan proceeds, in order to state a claim for relief under TILA). Here, Plaintiffs' complaint contains no allegations that Plaintiffs can or will tender the loan proceeds. Therefore, the Court finds that the complaint lacks a necessary element of a TILA rescission claim.

Moreover, under 15 U.S.C. § 1635(e), "residential mortgage transactions" are excluded from the right of rescission. *See also* Regulation Z § 226.23(f)(1). A "residential mortgage transaction" is defined by 15 U.S.C. § 1602(w) to include "a mortgage, deed of trust, ... or

equivalent consensual security interest ... created ... against the consumer's dwelling to finance the acquisition ... of such dwelling." Plaintiffs allege in the complaint that the purpose of the mortgage was to finance a purchase of property. While home equity loans and refinancing transactions might be amenable to rescission, a purchase money mortgage is not.

In light of the above, Plaintiffs' second federal claim for relief is dismissed without prejudice.

## II. STATE CLAIMS AND REMAND

Where all federal claims are dismissed in an action containing both federal and state law claims, a federal court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. §1367. "With respect to supplemental jurisdiction in particular, a federal court has subject-matter jurisdiction over specified state-law claims, which it may (or may not) choose to exercise. A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Technology, Inc. v. HIF BIO, Inc.*, 129 S.Ct. 1862, 1866 (2009) (citations omitted). Here, both federal claims alleged against Equifirst Corporation are being dismissed. No other Defendant has formally appeared in the case. Therefore, the case is hereby remanded to the Superior Court of California, County of San Diego, for further proceedings.

## III. CONCLUSION

Defendant Equifirst Corporation's motion to dismiss is granted as to all federal claims. The Court declines to exercise supplemental jurisdiction over remaining state law claims. The case is hereby remanded to the Superior Court of California, County of San Diego, for further proceedings.

**IT IS SO ORDERED.**

DATED: July 09, 2010

Hon. Roger T. Benitez
United States District Judge